E-FILED
Tuesday, 19 June, 2007  01:14:06 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JEANNE E. GOETZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-1229 |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff filed this action pro se on September 5, 2006, seeking judicial review of the Social Security Commissioner's determination regarding Plaintiff's entitlement to Social Security benefits. The Commissioner filed her Answer to the Complaint and the administrative transcript on January 22, 2007. Also on January 22, the Clerk forwarded to the parties a copy of Local Rule 8.1, which provides the following, with respect to Social Security cases:

> Within thirty (30) days after the filing of the responsive pleading and transcript, the plaintiff shall file a Motion for Summary Judgment and a Memorandum of Law which shall state with particularity which findings of the Commissioner are contrary to law. The plaintiff shall identify the statute, regulation or case law under which the Commissioner allegedly erred . . . . Within forty-five (45) days thereafter, the defendant shall file a Cross-Motion and Memorandum of Law which shall specifically respond to the plaintiff's assertions and arguments.

As of May 14, 2007, the Plaintiff had not filed a Motion for Summary Judgment as required by Rule 8.1. Accordingly, the Court entered an Order noting that Plaintiff's thirty (30) days had long expired and gave Plaintiff until May 29 to file a Motion for Summary Judgment. The Court's May 14 Order included the following cautionary instruction: "If Plaintiff does not

file a properly supported motion for summary judgment on or before 5/29/07, this case shall be dismissed for lack of prosecution." On May 14, the Clerk mailed to the Plaintiff a copy of the Court's order, along with a second copy of Local Rule 8.1.

Plaintiff submitted a letter to the Court on May 29 stating that she had been unable to find a lawyer willing to take her case, that she was not capable of pursuing the matter on her own, and that she did not know how to proceed. On May 30, in light of Plaintiff's letter, the Court entered an Order giving Plaintiff 21 days to either (1) file properly supported motion for summary judgment; (2) have an attorney enter an appearance on her behalf; or (3) ask the Court to consider appointing an attorney to represent her.

On June 6, Plaintiff submitted a letter requesting the Court to appoint counsel on her behalf. The Court construed this letter as a Motion to Appoint Counsel, and evaluated the contents of Plaintiff's letter under Seventh Circuit case governing proper appointments counsel in civil cases, *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983). Finding that Plaintiff's allegations could not justify the appointment of counsel under the factors set forth in *Merritt*, the Court denied her Motion. The Court's Order also gave Plaintiff one last chance, until June 18, to submit a proper Motion for Summary Judgment or have an attorney enter an appearance on her behalf.

On June 15, Plaintiff submitted another letter to the Court, indicating her dissatisfaction with the Court's rulings, stating that she does not know what a motion for summary judgment is, and that she feels that she is on trial. The Court is certainly not without sympathy for Plaintiff's difficult situation. However, a plaintiff, even one who is proceeding without the assistance of counsel, bears the burden of prosecuting her own case. This Court's principal function is to

impartially resolve disputes among the parties, and it simply cannot litigate Plaintiff's case on her behalf.

As of this date, Plaintiff has failed to file a Motion for Summary Judgment, despite the Court's clear warnings. Accordingly, this case is dismissed for lack of prosecution.

ENTERED this 19th day of June, 2007.

                s/ Michael M. Mihm
                Michael M. Mihm
                United States District Judge